LOUIS F. PUCCINELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Puccinelli v. Commissioner
Docket No. 31776-88
United States Tax Court
T.C. Memo 1990-603; 1990 Tax Ct. Memo LEXIS 678; 60 T.C.M. (CCH) 1316; T.C.M. (RIA) 90603; November 28, 1990, Filed *678 Respondent's motion will be granted. Louis F. Puccinelli, pro se. W. Scott Green, Gary A. Moreland, and Thomas E. Ritter, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax for the years in issue as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
6661
1980
$ 10,784
$  2,265
$ 539
--
--
$   550
$ 2,696
1981
2,288
252
--
$74
*
130
0  1982
2,730
389
--
78
*
266
0  1983
45,741
10,601
--
2,120
*
2,802
11,435
- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -
*679 Respondent has conceded the section 6661 additions to tax. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court for ruling on respondent's Motion for Summary Judgment filed September 11, 1990. Petitioner resided in Montana at the time the petition in this case was filed. In his petition filed December 12, 1988, petitioner generally denied the existence of deficiencies in his Federal income tax for the years in issue and asserted that: F. Petitioner's questions on vital issues of law and issues of fact, submitted to the Respondent in writing prior to the issuance of said Notices of Deficiency have never been answered by Respondent. Until such questions are answered or resolved through appropriate Due Process of Law, Petitioner would be compelled to waive vital God-given rights, privileges, and immunities, protected by the United States Constitution, both to prosecute and/or defend against Respondent's allegations of deficiency. Petitioner is bound by solemn Oath and by strict religious *680 and moral principles, to support and defend all his God-given rights privileges, and immunities protected and secured by the United States Constitution.
The petition failed to allege any facts suggesting that respondent's determination was erroneous. On November 13, 1989, respondent filed a Request for Admissions, including the following items: 2. During the year 1980 the petitioner received wages from Home Savings and Loan in the amount of $ 18,776.00. 3. During the year 1980 the petitioner received wages from Century Mortgage Co. Inc., in the amount of $ 12,798.00. 4. During the year 1980 the petitioner received interest income from Wells Fargo Bank in the amount of $ 255.00. 5. During the year 1980 the petitioner received interest income from Home Savings and Loan in the amount of $ 58.00. 6. During the year 1980 the petitioner received other income in the amount of at least $ 5,290.00. 7. The petitioner had no records to substantiate any deductible expenditures for the year 1980. 8. The petitioner did not have any deductible expenditures in the year 1980. 9. During the year 1980 the petitioner did not have any dependents. 10. The petitioner *681 did not file a tax return for the year 1980. 11. During the year 1981 the petitioner received wages from Century Mortgage Co., Inc., in the amount of $ 2,357.00. 12. During the year 1981 the petitioner received interest income from Wells Fargo Bank in the amount of $ 133.00. 13. During the year 1981 the petitioner received interest income from Home Savings and Loan in the amount of $ 14.00. 14. During the year 1981 the petitioner received interest income from Cash America Cash Res. in the amount of $ 317.00. 15. During the year 1981 the petitioner received other income in the amount of at least $ 8,695.00. 16. The petitioner has no records to substantiate any deductible expenditures for the year 1981. 17. The petitioner did not have any deductible expenditures in the year 1981. 18. During the year 1981 the petitioner did not have any dependents. 19. The petitioner did not file a tax return for the year 1981. 20. During the year 1982 the petitioner received interest income from Wells Fargo Bank in the amount of $ 94.00. 21. During the year 1982 the petitioner received income from commissions from Adobe Savings in the amount of $ 6,035.00. 22. During *682 the year 1982 the petitioner received other income in the amount of at least $ 6,429.00. 23. The petitioner has no records to substantiate any deductible expenditures for the year 1982. 24. The petitioner did not have any deductible expenditures in the year 1982. 25. During the year 1982 the petitioner did not have any dependents. 26. The petitioner did not file a tax return for the year 1982. 27. During the year 1983 the petitioner received income from commissions from Adobe Savings in the amount of $ 86,850.00. 28. During the year 1983 the petitioner received income from commissions from Allied American Property Inc. in the amount of $ 19,000.00. 29. The petitioner has no records to substantiate any deductible expenditures for the year 1983. 30. The petitioner did not have any deductible expenditures for the year 1983. 31. During the year 1983 the petitioner did not have any dependents. 32. The petitioner did not file a tax return for the year 1983.
On December 11, 1989, petitioner filed a Response to Respondent's Request for Admissions. In that response, petitioner admitted that paragraphs 1, 9, 18, 25, and 31 of respondent's Request for *683 Admissions were accurate. Petitioner refused, however, to respond to the remaining items. Petitioner asserted: As indicated in the original Petition, as amended, Petitioner is still under criminal investigation by Special Agents of the Internal Revenue Service. Petitioner is still subject to the advice of said Agents that anything Petitioner says or does can and will be used against him. Therefore, Petitioner, so as not to voluntarily waive any of his God-given rights, privileges, and immunities, protected and secured by both the United States Constitution and, by the solemn Oath of Office of this Court, hereby asserts his Fifth Amendment right not to be compelled to give testimony against himself to those requests neither admitted nor denied.
On December 18, 1989, respondent filed a Motion for Review of Sufficiency of Petitioner's Answers to Respondent's Request for Admissions or in the Alternative to Impose Sanctions. By Notice of Hearing issued December 26, 1989, the Court calendared respondent's motion for hearing on January 24, 1990, in Washington, D. C. The Notice of Hearing served on the parties included the following statement: The parties are *684 reminded of the applicability of Tax Court Rule 50(c), which provides for the submission of a written statement in lieu of, or in addition to, attendance at the hearing.
Because the copies of respondent's motion and the Court's Notice of Hearing served on petitioner were returned to the Court undelivered by the United States Postal Service, the Court issued an Order continuing the hearing to February 7, 1990, in Washington, D. C., and directing further service on petitioner. On January 16, 1990, petitioner filed a Motion for Continuance. In that motion, petitioner asserted that physical maladies precluded his presence at the February 7, 1990, hearing. Petitioner asserted that he was in a Veterans Administration hospital in Martinez, California. On January 23, 1990, the Court granted petitioner's motion, and the hearing was continued to March 7, 1990. At the hearing on March 7, 1990, respondent informed the Court that petitioner was not under criminal investigation by the Internal Revenue Service. There was no appearance by or on behalf of petitioner. The Court ordered petitioner to answer respondent's unanswered requests for admissions or to show cause in *685 writing why the matters set forth in the unanswered requests should not be admitted. Petitioner was advised that failure to respond would lead to the matters set forth in respondent's requests being deemed admitted and/or to other sanctions, including dismissal. On April 13, 1990, the Court received from petitioner a document entitled "Request," which the Court filed as petitioner's response to the Court's March 7, 1990, order to show cause. In that response, petitioner asked the Court to rule on his Motion for Continuance filed January 16, 1990. Petitioner maintained that he was unable to respond to respondent's Request for Admissions for the same reasons set forth in his January 16, 1990, Motion for Continuance. On April 16, 1990, petitioner filed a Notice of Change of Address. In that notice, petitioner inquired as to the status of his January 16, 1990, Motion for Continuance and informed the Court that his temporary address was P.O. Box 1624, Suisun, California. On July 16, 1990, the Court ordered a hearing on the Court's March 7, 1990, order to show cause as to why the unanswered requests for admissions should not be deemed admitted. On August 15, 1990, a hearing was *686 held. There was no appearance by or on behalf of petitioner. On that same date, the Court ordered that the unanswered requests for admissions were deemed admitted and that trial of this case was scheduled for October 15, 1990, in San Francisco, California. San Francisco is the place where the Court holds trials that is closest to the addresses that petitioner had most recently provided to the Court. On September 11, 1990, respondent filed a Motion for Summary Judgment, conceding petitioner's liability for additions to tax under section 6661 for 1980 and 1983 and seeking judgment as a matter of law based on the deemed admissions. Petitioner was ordered to serve on respondent and file with the Court by September 28, 1990, a written response to respondent's Motion for Summary Judgment. On September 28, 1990, petitioner filed a Motion for Continuance that reflected the Suisun, California, address. In that motion, petitioner maintained that physical maladies precluded his responding to respondent's motion. On September 28, 1990, petitioner's Motion for Continuance was denied. Petitioner failed to appear on October 15, 1990. To date, petitioner has provided no evidence of his *687 inability to appear or respond to the orders of this Court. Petitioner has given us no reason to deny respondent's motion. As to the deficiencies and additions to tax determined by respondent, petitioner has the burden of proof. Rule 142(a). He has given us no reason to believe that respondent's determinations, as adjusted for respondent's concession of the section 6661 additions to tax, are erroneous. Petitioner is in default of our rules and orders, and a decision may be entered against him. Rule 123. There is no issue as to any material fact, and a decision may be entered as a matter of law under Rule 121. Respondent's motion will be granted. Footnotes
*. Amounts to be determined.↩